# ATTACHMENT A

```
                                    FILED
                                  Nov 24 2020
                               SUSAN Y. SOONG
                           CLERK, U.S. DISTRICT COURT
                         NORTHERN DISTRICT OF CALIFORNIA
                                 SAN FRANCISCO
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: | CASE NO. CR20-91589 MISC TSH |
| APPLICATION BY THE UNITED STATES FOR AN ORDER UNDER 18 U.S.C. § 2703(d) FOR ONE ACCOUNT FOR INVESTIGATION OF 18 U.S.C. § 3512 | **ORDER TO SIGNAL MESSENGER, LLC** <br><br> **UNDER SEAL** |

This matter came before the Court on an *ex parte* application by the United States under 18 U.S.C. § 2703(d). The application requests the issuance of an order under 18 U.S.C. § 2703(d) directing Signal Messenger ("Signal"), LLC, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Mountain View, California, to disclose certain records and other information pertaining to Signal account ▮▮▮▮. The Court finds that the applicant has offered specific and articulable facts showing that there are reasonable grounds to believe that the records and other information sought are relevant and material to an ongoing criminal investigation. The Court further finds that because this investigation is ongoing and confidential, disclosure to the public of this Order, the application, and any attachments thereto will jeopardize the progress of the investigation. Such disclosure could lead to the destruction of evidence, collusion with or intimidation of witnesses, or the flight of a suspect. The Court further finds, pursuant to 18 U.S.C. § 2705(b), that there is reason to believe that notification of this Order or any attachments

*EX PARTE* ORDER - 18 U.S.C. § 2703(d)

1

thereto to subscribers or customers of Signal or any other person or entity will result in endangering the life or physical safety of an individual, flight from prosecution, destruction of or tampering with evidence, intimidation of potential witnesses, or otherwise seriously jeopardize an investigation or unduly delay a trial.

IT IS ORDERED pursuant to Title 18, United States Code, Section 2703(d) that Signal, within ten days of the date this Order is served upon it, provide to United States Attorney's Office Paralegal ▉▉▉▉▉▉ or to a representative of the United States Attorney's Office, the records and other information as set forth in Attachment A to this Order.

IT IS FURTHER ORDERED that the Application, all attachments thereto, this Order, and all attachments hereto be filed under seal and kept under seal until otherwise ordered by the Court, and that Signal shall not disclose the existence or content of this Order, the Application, the attachments filed in support thereof, or the existence of the investigation, to its subscribers, customers, or any other person or entity or entity for a period of two years from the date that this Order is filed by the Clerk of Court, unless prior to the expiration of the two-year period, the Court modifies, terminates, or extends this Order.

DATED: November 23, 2020

THOMAS S. HIXSON
United States Magistrate Judge

EX PARTE ORDER - 18 U.S.C. § 2703(d)

2

## ATTACHMENT A

### Below Records to be Provided Pursuant to § 2703(d) ORDER

To the extent that the information described below is within your possession, custody, or control, and regardless of whether such information is located within or outside of the United States, you are to provide the following information as printouts and on floppy or CD media if available, including information associated with any preservation number(s) associated with the account(s).

1. The following customer or subscriber account information for Signal account:



(A) name(s);
(B) address(es);
(C) local and long distance telephone connection records, or records of session times and durations;
(D) length of service (including start date) and types of service utilized;
(E) telephone or instrument number(s) or other subscriber number(s) or identity(s), including any temporarily assigned network address(es); and
(F) means and source of payment for such service (including any credit card or bank account number(s)).

2. Any additional email address(es) and/or account(s) maintained by the subscriber as well as all information requested in paragraph 1 for the account(s) identified in this part.

3. All documents, including Signal's "User Connection Logs," for all connections to the above identified account(s) at Signal from May 3, 2020 through and including the present date. The information on those logs should include the date and time of connection and disconnection, the method of connection, the data transfer volume, the subscriber account associated with the connection, and information regarding the session including connect and disconnect times, other session information, and other systems to which the Signal user(s) connected during that session.

4. All available non-content header information for all messages sent and received by the account(s) from May 3, 2020 through and including May 11, 2020.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 20, 2021, a true and correct copy of the foregoing was manually filed with this Court via the U.S. Mail. I further certify that a true and correct copy of the foregoing has been served electronically upon Assistant United States Attorney Maureen C. Besette, counsel for the United States, via e-mail to Maureen.Besette@usdoj.gov.

DATED: October 20, 2021

/s/ Jennifer Stisa Granick
Jennifer Stisa Granick

*Attorney for Movant*

CERTIFICATE OF SERVICE